**UNITED STATES of America**

v.

**John DOE, Juvenile**

**No. CRIM.02–0474.**

United States District Court,
D. Maryland.

Nov. 7, 2002.

Thomas DiBiagio, U.S. Attorney, Baltimore, MD, for Plaintiff.

Joshua Treem, Baltimore, MD, for Defendant.

## MEMORANDUM AND ORDER REGARDING COMPENSATION OF GUARDIANS AD LITEM

BREDAR, United States Magistrate Judge.

On October 29, 2002, this Court entered an Order that directed the appointment of guardians *ad litem* pursuant to 18 U.S.C. § 5034[1] and, upon a finding that the juvenile who is the subject of this case is indigent, provided that the guardians be compensated pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.

The appointment was made after the Court inquired as to the availability of the juvenile's parents to be present with him during proceedings or otherwise assist him.[2] The Court was informed by the government at the time that the parents were not available, and to date there has been no indication that the juvenile's parents, or either of them, can or will assume and perform any parental role. Accordingly, it has been necessary for the guardians to function in place of the parents, and the Court finds that need for assistance is ongoing.[3]

Subsequent to the entry of the above-referenced Order, the Court became aware of the provision set out at Chapter 3, § 3.14(A) of the Guide to Judiciary Policies and Procedures, to wit:

*In Proceedings Involving Juveniles.* A guardian ad litem appointed under 18 U.S.C. § 5034 is not eligible for compensation under the Criminal Justice Act or any other authority. Any person who is appointed as both counsel and guardian ad litem in one case under § 5034 should

---

1. The statute provides inter alia:
 The magistrate judge may appoint a guardian ad litem if a parent or guardian of the juvenile is not present, or if the magistrate judge has reason to believe that the parents or guardian will not cooperate with the juvenile in preparing for trial, or that the interests of the parents or guardian and those of the juvenile are adverse.

2. The indispensable role of parents in juvenile proceedings and the constitutional dimension of that role has been recognized at the highest levels. The United States Supreme Court wrote in *In Re Gault*, 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967):
 We conclude that the Due Process Clause of the Fourteenth Amendment requires that in respect of proceedings to determine delinquency which may result in commitment to an institution in. which the juvenile's freedom is curtailed, the child *and his parents* must be notified of the child's right to be represented by counsel retained by them, or if they are unable to afford counsel, that counsel will be appointed to represent the child.
 (Emphasis supplied.)

3. The guardians are partners in a Baltimore law firm. They are serving on the understanding that only one of them will be compensated for any particular time period. Two guardians were appointed to assure that one of them would be available when needed.

prorate time spend fulfilling the duties of these two offices. Only time spent as counsel on a case is compensable and should be reflected on the CJA claim.

This provision is clear and explicit. However, it is in conflict with the more general provision set out at 18 U.S.C. § 3006A(e), to wit:

**Services other than counsel.—**

 (1) **Upon request.**-Counsel for a person who is financially unable to obtain investigative, expert, or *other services necessary for adequate representation* may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceedings, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

(Emphasis supplied).

 Both the undersigned Magistrate Judge and counsel for the juvenile have determined that the juvenile needs the service, advice, and assistance of a guardian *ad litem* if adequate legal representation is to be provided.[4] Counsel is required, in the Court's view, to consult with the guardian as well as the juvenile at every step of his representation. The juvenile alone is not competent to give direction and to make the many critical decisions that are his to make in the course of the proceedings in this Court. For instance, at some point the juvenile may be called upon to enter a plea (admission or denial) with respect to the allegation of

delinquency or may be called upon to decide whether he wishes to be proceeded against as an adult. Defense counsel would be remiss if he were to effectuate the juvenile's requests in these regards without full and complete consultation with the juvenile's parent or, if no parent is available, then the guardian *ad litem*. In juvenile matters the parent or guardian joins with the juvenile in speaking for the juvenile. Counsel should not be regarded as "representing" the juvenile unless he is in consultation with both persons—the child *and* the adult responsible for him. It therefore follows, of necessity, that "adequate" and "effective" representation of the juvenile cannot occur without someone functioning in the role of parent or guardian.[5]

Turning to compensation for this person who is indispensable to the "representation" relationship, the Court is unable to reconcile the guidance set out in the Guide to Judiciary Policies and Procedures with the direction given in the Criminal Justice Act. The services of a guardian *ad litem* are "necessary for adequate representation." § 3006A(e)(1). The statute must prevail over the regulation, and the Court finds that there is legal authority to pay the guardians *ad litem* previously appointed under the Criminal Justice Act.

The Court finds that it is appropriate to compensate the guardians at the same rate paid legal counsel in this matter, that is $90.00 per hour for in-court and out-of-court work. The Court notes that requests for payments under this Order are subject to the provisions set out at 18 U.S.C. § 3006A(e)(3).

---

4. The appointment, initially requested orally by counsel, now is the subject of a written request, attached as an exhibit hereto.

5. Obviously, adequate representation contemplates effective representation, a guarantee of the Sixth Amendment.

Exhibit 1

SCHULMAN, TREEM, KAMINKOW,

GILDEN & RAVENELL, P.A.

ATTORNEYS AT LAW

SUITE 1800, THE WORLD
TRADE CENTER

401 EAST PRATT STREET

BALTIMORE, MARYLAND 21202

JOSHUA R. TREEM*

ROBERT B. SCHULMAN

MICHAEL E. KAMINKOW

STEVE G. GILDEN

KENNETH W. RAVENELL

HARRY LEVY**

LESLIE D. HERSHFIELD**

ERIN C. MURPHY

TIMOTHY K. DOLE

MICHAEL C. LIND

IVAN J. BATES

CRESTON P. SMITH

*ALSO ADMITTED IN CO

**ALSO ADMITTED IN D.C.

November 7, 2002

*HAND DELIVER—UNDER SEAL*

The Honorable James K. Bredar

United States Magistrate–Judge

United States Courthouse

101 West Lombard Street

Baltimore, Maryland 21201

Re: *In re: Grand Jury Subpoena (Material Witness Warrant) United States District Court for the District of Maryland Misc. No. 02–3088–JKB (FILED UNDER SEAL)*

Dear Magistrate–Judge Bredar:

By this letter I am confirming the request made orally that the Court appoint Andrew J. Graham and Max Lauten as Guardians Ad Litem for my client the juvenile in the above captioned action as being necessary for the effective representation of my client throughout the course of this matter.

Thanking you for your consideration of this request, I remain.

Joshua R. Treem

JRT:cmh

cc: Andrew Graham, Esquire

Max Lauten, Esquire